ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ELÍAS FEBRES NIEVES<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | TA2025RA00339 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm: CDB-596-25 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece ante esta Curia, por derecho propio y de forma *pauperis,* el señor Elías Febres Nieves (Sr. Febres Nieves o Recurrente).[1] Mediante su escrito intitulado *Certiorari,* impugna la *Respuesta al Miembro de la Población Correccional* que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR) emitió y notificó, el 16 y 20 de octubre de 2025, respectivamente. En dicho pronunciamiento, el DCR hizo constar que en la Oficina de Cuentas no se reciben nóminas del Área de Cocina.

Por los fundamentos que expondremos a continuación modificamos el dictamen recurrido.

**I.**

El Sr. Febres Nieves instó ante el DCR la *Solicitud de Remedio Administrativo* (CDB-596-25), en la cual, solicitó una compensación justa y razonable por sus labores como *dish washer,* en la cocina de la Institución de Bayamón 1072. Según el Sr. Febres Nieves, él firma una hoja de nómina mensualmente, desde el 5 de agosto de 2024,

---

[1] Mediante la *Resolución* que emitimos el 10 de noviembre de 2025, eximimos al recurrente del pago de arancel por razón de indigencia, según solicitado.

sin que nunca el DCR le haya pagado un salario por sus labores lo cual, a su entender, viola la Sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA.

En su correspondiente respuesta, el DCR hizo constar lo siguiente: "Indica la O.C. María Laboy, que es quien prepara nóminas, que no se reciben nóminas de cocina."[2] Sustentó lo antes con una comunicación que la Sra. Olga Herrera Carrasquillo dirigió a la Sra. María I. Laboy Vega, encargada de nóminas, en la cual hizo constar que nunca recibió nóminas del Área de Cocina de la Institución de Bayamón 1072.

Inconforme, el Recurrente presenta el recurso de epígrafe en el cual, sin detallar señalamientos de error, suplica que ordenemos al DCR compensarlo por sus labores lavando platos o *dish washer,* con un sueldo justo. Según requerido, la Oficina del Procurador General de Puerto Rico, en representación del DCR, expuso su posición en torno al recurso del Sr. Febres Nieves, mediante su *Escrito en Cumplimiento de Resolución.* Con el beneficio de las comparecencias de ambas partes, resolvemos.

## II.

### A. La Revisión Judicial y la Doctrina de la Deferencia Judicial

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos, en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos, a

---

[2] Anejo I.

modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, resuelto el 21 de mayo de 2025.[3] Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Entiéndase que, los foros judiciales no tienen que ser deferentes ante la interpretación de derecho que realice un organismo administrativo, sencillamente porque la legislación es ambigua. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.

Por lo tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que, procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si

---

[3] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Íd.* De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Íd.*

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo, sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra. Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado o *expertise* que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Jta Planificación et al.,* 204 DPR 581 (2020). Ahora bien, cuando el razonamiento de la agencia sea incompatible o contrario al propósito y a la política pública del estatuto interpretado, los

tribunales tienen libertad absoluta de descartar las conclusiones de dicho organismo administrativo, en aras de obtener un resultado sensato, lógico y razonable. *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473 (2024).

De otra parte, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Transp. Sonnell v. Jta. Subastas ACT,* 214 DPR 633 (2024); *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### III.

Según expusimos en el tracto procesal, el Sr. Febres Nieves solicita nuestra intervención para que ordenemos al DCR pagarle un sueldo justo, a cambio de sus labores en el Área de Cocina.

En reacción, la agencia recurrida argumenta que, el Recurrente presentó tardíamente su Solicitud de Remedio Administrativo ante la División de Remedios Administrativos, transcurrido el término de quince (15) días que establece el Reglamento Núm. 8583. A su vez, asegura estar impedido de proveer remedios que corresponden a otras oficinas o dependencias de la agencia, refiriéndose a la Oficina de Cuentas. A esos efectos, hizo alusión a la actual Tabla de Compensación a Confinados, que forma parte de la Orden Administrativa DCR-25-01, efectiva el 4 de agosto

de 2025, y a la tabla previa que esta última dejó sin efecto.[4] Lo antes, debido a que, los reclamos del Recurrente ocurrieron dentro de la vigencia de ambas órdenes administrativas.

Sobre el particular, el DCR añade que, estas tablas proveen una compensación monetaria diaria -en el Área de Cocina- para los confinados que trabajen como cocinero y ayudante de cocinero, sin incluir una remuneración económica para el puesto de *dish washer.* Expone, además que, bajo tales circunstancias, y a tono con el propósito de reducir los gastos operacionales de forma permanente tras de la aprobación de la Ley Núm. 26-2017, Ley de Cumplimiento con el Plan Fiscal, los empleos que no son remunerados con compensación monetaria, recibirán una bonificación adicional.

Resulta evidente que, las tablas de compensación a las cuales hizo referencia el DCR contienen una lista taxativa de las labores a las cuales se le adjudica una compensación monetaria para los confinados participantes. A modo ilustrativo, incluimos la Tabla de Compensación a Confinados, efectiva el 4 de agosto de 2025, la cual dispone lo siguiente:

| Labor | Compensación | Labor | Compensación |
|---|---|---|---|
| Albañil | $5.00 | Lavandería | $1.00 |
| Ayudante Albañil | $4.50 | Mantenimiento | $1.00 |
| Carpintero | $5.00 | Mantenimiento Áreas Verdes | $5.00 |
| Ayudante Carpintero | $4.50 | Mantenimiento Nivel Central | $5.00 |
| Cocinero | $1.50 | Mejoras Permanentes | $5.00 |
| Ayudante Cocinero | $1.00 | Panadero | $1.00 |
| Electricista | $5.00 | Operador Equipo | $1.00 |
| Ayudante Electricista | $4.50 | Picador de Carne | $1.00 |
| Mecánico | $5.00 | Pintor | $5.00 |
| Ayudante Mecánico | $4.50 | Ropería | $1.00 |
| Plomero | $5.00 | Soldador | $1.50 |
| Ayudante Plomero | $4.50 | Trabajo Almacén-Mantenimiento | $1.00 |

---

[4] En particular, se refiere a la Tabla de Compensación a Confinados que entró en vigor, el 31 de octubre de 2016, con la aprobación de la Orden Administrativa DCR-2016-11, la cual como dijimos, quedó sin efecto al entrar en vigor la Orden Administrativa DCR-25-01.

| | | Reciclaje en Centros de Acopio (incluyendo recogido, clasificación y preparación del material) | |
|---|---|---|---|
| Barbero | $1.00 | | $3.00 |
| Bibliotecario | $1.00 | Reciclaje (incluyendo recogido de materiales en oficinas y áreas verdes) | $1.00 |
| Fabricación Tal | $5.00 | Proyecto Agrícola del Campamento La Pica | $2.00 |
| Lavado de Vehículos | $5.00 | | |

Sobre tales bases, y tal cual lo dispuso el DCR en su pronunciamiento, ni la Tabla de Compensaciones a Confinados actual ni la previa establecen una compensación monetaria para remunerar los trabajos en el Área de Cocina como *dish washer.* Ahora bien, el hecho de que las tareas que ejerce el Peticionario lavando platos en el área de la cocina no sean un empleo al cual se le haya asignado una compensación monetaria, no significa que él no es elegible a recibir una bonificación a su sentencia, proporcional a las horas rendidas, por disposición del Artículo 12 del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, 3 LPRA Ap. XVIII.[5] A esos efectos, procede que DCR

---

[5] El Artículo 12 del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, *supra*, regula cómo habrán de abonarse las bonificaciones por trabajo, estudio o servicios a los miembros de la población correccional. A esos efectos dispone:

> A toda persona sentenciada a cumplir pena de reclusión por hechos cometidos con anterioridad o bajo la vigencia del Código Penal de Puerto Rico vigente, en adición a las bonificaciones autorizadas en el Artículo anterior, el Secretario o el Presidente de la Junta de Libertad Bajo Palabra, según aplique, podrán conceder bonificaciones a razón de no más de cinco (5) días por cada mes en que el integrante de la población correccional o liberado por la Junta de Libertad Bajo Palabra esté empleado en alguna industria o que esté realizando estudios como parte de un plan institucional, bien sea en la libre comunidad o en el establecimiento penal donde cumple su sentencia, y preste servicio a la institución correccional durante el primer año de reclusión. Por cada año subsiguiente, podrá abonarse hasta siete (7) días por cada mes. [...] Las bonificaciones antes mencionadas podrán efectuarse durante el tiempo en que cualquier persona acusada de cometer cualquier delito hubiere permanecido privada de su libertad, sujeto a lo dispuesto en los párrafos anteriores. Las bonificaciones dispuestas podrán hacerse también por razón de servicios excepcionalmente meritorios o en el desempeño de deberes de suma importancia en relación con funciones institucionales, según disponga el Secretario mediante reglamentación a esos efectos. Disponiéndose, que todo miembro de la población correccional sentenciado a la pena de noventa y nueve (99) años antes del 20 de julio de 1989, incluyendo aquel miembro de la población correccional cuya

contabilice las horas que el Peticionario ha trabajado como *dish washer* y las bonificaciones acumuladas a esos efectos.

**IV.**

Por los fundamentos expuestos, modificamos el dictamen impugnado, relacionado a la *Solicitud de Remedio Administrativo* (CDB-596-25) y así modificado se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

condena haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, ambas situaciones conforme al Código Penal derogado, será bonificado a tenor con lo dispuesto en este Artículo.